[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 9, 1986 in Ansonia, Connecticut. They have resided continuously in this State since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground as requested in the defendant's cross complaint and in the plaintiff's claims for relief.
The court has carefully considered the criteria set forth in46b-81, 46b-82 and 46b-62, Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 8 years. At the present time, they are both residing in the marital home. There are no children of this marriage.
The plaintiff worked throughout the marriage and contributed to the family maintenance. When the plaintiff was unemployed, she received unemployment compensation which also went to the family support. In addition, the plaintiff received $700. per month child support for her two minor children from a previous marriage. (This amount was reduced when one child went to live with his father in another State sometime in October 1991).
When the parties first married in 1986, they lived in the plaintiff's father's home rent free for a period of approximately two years. Thereafter, they paid rent of $300 per month until they completed the building of their own home in April 1989.
This is also the defendant's second marriage. He has been gainfully employed throughout the marriage first in retail sales in his family business and then in real estate. While the parties lived in the plaintiff's father's home, the defendant assisted in certain remodeling work.
The dispute centers around the marital home which the parties built at 27 Shelton Street, Derby, Connecticut. CT Page 3138
The defendant's family quit claimed the land to the plaintiff and the defendant jointly in survivorship. The parties then applied for and obtained a construction mortgage of $100,000 for the construction of their home.
The plaintiff contributed $20,000 of her own funds toward the building of this home. The husband also contributed substantial sums toward this home and in addition, his mother gave him $15,000 which went into the construction. The defendant did a substantial amount of work in connection with the construction and in clearing the land.
The plaintiff's appraiser put a fair market value of $225,000 on the real estate. The defendant had 2 appraisers, one at $190,000 and the second at $192,000. The mortgage balance is approximately $96,000.
The court finds that both parties contributed to the breakdown of the their marital relationship. The court declines to assess fault to either party. There was no credible evidence that the wife was unfaithful during the marriage.
Both parties had a tendency to overindulge when it came to alcoholic beverages. Unfortunately, the parties were unable to resolve their marital difficulties. No useful purpose would be served by a review of all the evidence presented during this trial which was heard over a five day period of time. It appears that the parties have had an unhappy marriage for several years.
During the years 1986 through 1991 the parties had an average adjusted gross income of approximately $36,000 per year. During this period the plaintiff wife averaged approximately $18,000 per year in earned income plus her child support payments.
A. Marital Residence
1. As an assignment of property, the defendant shall pay to the plaintiff the sum of $45,000. (Forty-five thousand dollars) within 45 days of date at which time the plaintiff shall convey to the defendant her interest in and to the marital property located at 27 Shelton Street, Derby, Connecticut. The plaintiff shall vacate said premises within 30 days after receiving said lump sum award. The defendant shall thereafter be solely responsible for the outstanding mortgage and shall hold the plaintiff harmless therefrom. CT Page 3139
2. If the defendant is unable to pay the award, the property shall be immediately listed for sale and placed on the market for sale. If the parties are unable to agree on a listing price, each party shall choose a Real Estate agent and then the two Real Estate agents shall choose a third real estate agent. The three real estate agents shall arrive at a listing price for the sale of the property by a majority decision.
3. Upon the sale of the Real Estate, after the payment of the outstanding mortgage, real estate commission, attorney's fees and usual closing costs, the net proceeds shall be divided between the parties, 50% to the plaintiff and 50% to the defendant. The Court reserves jurisdiction as to any dispute arising in reference to the sale of the property.
4. Until the defendant pays the lump sum award to the plaintiff, or until the house is sold and so long as the plaintiff continues to reside therein, the plaintiff shall be responsible for one-half of the monthly mortgage payment and one-half of the utilities.
5. Until the home is sold the defendant shall be responsible for one-half of the monthly mortgage payment and one-half of the utilities.
B. Alimony
1. The plaintiff disclaimed any award of alimony and thus no alimony is awarded.
C. Personal Property
1. The plaintiff shall be entitled to whatever personal property, including furnishings and appliances, she had from 1 Shelton Street, Derby and from her prior marriage.
2. The remainder of the personal property shall be equally divided between the parties as they shall agree. If the parties are unable to agree they are referred to Family Relations for Mediation and if this is unsuccessful the parties shall return to Court for further orders after a hearing thereon.
D. Liabilities CT Page 3140
1. Each party shall be solely responsible for the debts listed on their respective financial affidavits and shall hold the other party harmless from any liability thereon.
E. Other Property
1. The defendant is awarded the time share in Aruba. The plaintiff shall execute whatever documents necessary to transfer her interest to the defendant.
2. The defendant shall continue to be the sole owner of the lot in Florida and the plaintiff shall have no claim thereto.
3. The defendant shall be entitled to his Pension and annuity.
4. The defendant shall be entitled to his 1974 Revocraft Power Boat.
F. Arrears on Pendente Lite Orders
1. The defendant is in arrears the sum of $764. representing the cost of the medical coverage for the months of December, January, February and March in the amount of $191. per month.
2. The plaintiff is in arrears for 1/2 of the April mortgage of $897. and 1/2 of the house insurance of $280. for a total of $1177.
3. Based on the above, the plaintiff shall pay the defendant the sum of $413. within 60 days of date.
G. Medical Coverage
1. The defendant shall be entitled to COBRA Benefits as are available through the plaintiff's employment for a period of three years. The defendant shall be solely responsible for the cost of said benefit.
H. Counsel Fees
1. The Court has considered the division of assets and the disposition of the marital home. The court has also considered the criteria set forth in 46b-82 Connecticut General Statutes in determining an award of counsel fees. The court does not wish to undermine the financial award that has been made to the plaintiff CT Page 3141 in this matter. The plaintiff is awarded counsel fees of $2500.
COPPETO, J.